IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS ZALDIVAR,<br><br>            Plaintiff,<br><br>   v.<br><br>DARREL G. ADAMS, et al.,<br><br>            Defendants. | 1:05-cv-00783-AWI-SMS-P<br><br>**FINDINGS AND RECOMMENDATION RE DISMISSAL OF ACTION FOR FAILURE TO PROSECUTE**<br>(Docs. 12 & 13) |

Plaintiff is proceeding pro se with this civil rights action pursuant to 42 U.S.C. § 1983.

On September 21, 2005, the court issued an Order requiring plaintiff to show cause, within thirty (30) days, why this action should not be dismissed for failure to keep the court apprised of his new address and failure to prosecute this action, and served said order on plaintiff. On October 11, 2005, the order served on plaintiff was returned by the U.S. Postal Service as undeliverable. A notation on the envelopes indicated: Return to Sender - No Forward Order On File - Unable To Forward.

//

1      Pursuant to Local Rule 83-183(b), a party appearing in
2 propria persona is required to keep the court apprised of his or
3 her current address at all times.  To date, plaintiff has not
4 notified the court of his address change or otherwise been in
5 contact with the court.  Absent such notice, service at a party's
6 prior address is fully effective.  See Local Rule 83-182(f).
7      In determining whether to dismiss an action for lack of
8 prosecution, the court must consider several factors: (1) the
9 public's interest in expeditious resolution of litigation; (2)
10 the court's need to manage its docket; (3) the risk of prejudice
11 to the defendants; (4) the public policy favoring disposition of
12 cases on their merits; and, (5) the availability of less drastic
13 sanctions.  Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir.
14 1986); Carey v. King, 856 F.2d 1439 (9th Cir. 1988).  The court
15 finds that the public's interest in expeditiously resolving this
16 litigation and the court's interest in managing the docket weigh
17 in favor of dismissal. The court cannot hold this case in
18 abeyance indefinitely based on plaintiff's failure to notify the
19 court of his address.  The third factor, risk of prejudice to
20 defendants, also weighs in favor of dismissal, since a
21 presumption of injury arises from the occurrence of unreasonable
22 delay in prosecuting an action.  Anderson v. Air West, 542 F.2d
23 522, 524 (9th Cir. 1976).  The fourth factor -- public policy
24 favoring disposition of cases on their merits -- is greatly
25 outweighed by the factors in favor of dismissal discussed herein.
26 Finally, given the court's inability to communicate with
27 plaintiff based on plaintiff's failure to keep the court apprised
28 of his current address, no lesser sanction is feasible.

1   Accordingly, the court HEREBY RECOMMENDS that this action be
2 DISMISSED for plaintiff's failure to prosecute.
3   These Findings and Recommendation are submitted to the
4 United States District Judge assigned to the case, pursuant to
5 the provisions of Title 28 U.S.C. § 636(b)(l).  Within **fifteen**
6 **(15) days** after being served with these Findings and
7 Recommendation, any party may file written objections with the
8 court and serve a copy on all parties.  Such a document should be
9 captioned "Objections to Magistrate Judge's Findings and
10 Recommendation."  Any reply to the objections shall be served and
11 filed within ten days after service of the objections.  The
12 parties are advised that failure to file objections within the
13 specified time may waive the right to appeal the District Court's
14 order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
15 IT IS SO ORDERED.
16 **Dated:    October 27, 2005**                  **/s/ Sandra M. Snyder**
   icido3                                UNITED STATES MAGISTRATE JUDGE